# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**RANDAL D. GAMBELL**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **1:09CR00241-001 AWI**<br><br>A. Voris<br>Defendant's Attorney |

**THE DEFENDANT:**
[✔] admitted guilt to violation of charges 1-6 as alleged in the superseding violation petition filed on 07/09/2009.
[ ] was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on ___.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|

See next page.

The court: [✔] revokes:  [ ] modifies:  [ ] continues under same conditions of supervision heretofore ordered on July 28, 2005.

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  Charge(s) ___ is/are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

7/27/2008
Date of Imposition of Sentence

/s/ Anthony W. Ishii
Signature of Judicial Officer

**ANTHONY W. ISHII**, United States District Judge
Name & Title of Judicial Officer

7/29/2009
Date

| | | Judgment - Page 2 of 5 |
|---|---|---|
| CASE NUMBER: | 1:09CR00241-001 AWI | |
| DEFENDANT: | RANDAL D. GAMBELL | |

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| Charge 1 | Failure to Submit Monthly Report Forms as Directed | April and May 2009 |
| Charge 2 | Failure to Follow Instructions of the Probation Officer | April 27, 2009 and April 29, 2009 |
| Charge 3 | Willful Lack of Regular Employment | May 12, 2009 |
| Charge 4 | Failure to Notify of Change in Residence and Employment | April 27, 2009 |
| Charge 5 | Failure to Participate in Drug Testing as Directed | March 9, 2009, March 20, 2009, and May 11, 2009 |
| Charge 6 | New Law Violation | May 22, 2009 |

CASE NUMBER:     1:09CR00241-001 AWI                               Judgment - Page 3 of 5
DEFENDANT:       RANDAL D. GAMBELL

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 33 days, with credit for 32 days served, and a release date of July 28, 2009.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.
      If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                  _____
                                                  UNITED STATES MARSHAL

                                              By  _____
                                                  Deputy U.S. Marshal

| | |
|---|---|
| CASE NUMBER: 1:09CR00241-001 AWI | Judgment - Page 4 of 5 |
| DEFENDANT: RANDAL D. GAMBELL | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 54 months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]  The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

4. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

5. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

6. The defendant shall reside and participate in WestCare Residential Drug Treatment Program for a period 180 days, unless discharged earlier by the probation officer and per the counselor's assessment. Placement shall commence on July 28, 2009 and the defendant shall comply with all program rules, procedures, and aftercare.

7. The defendant shall reside and participate in a residential community corrections center, Turning Point Residential Re-Entry Program for a period of 90 days; said placement shall commence as directed by the probation officer pursuant to 18 USC 3563(b) (11). The defendant shall pay the cost of confinement as determined by the Bureau of Prisons.

8. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

9. The defendant shall submit to the collection of DNA as directed by the probation officer.

10. As directed by the probation officer, the defendant shall complete up to 20 hours of unpaid community service per week until employed for at least 30 hours per week or participating in a previously approved educational or vocational program.